**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**EDDIE JAMES SHORTY (# 26507)**                                                  **PLAINTIFF**

**v.**                                                                                            **No. 4:10CV85-M-A**

**DOCTOR SOM, ET AL.**                                                                 **DEFENDANTS**


**MEMORANDUM OPINION DISMISSING CASE
FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

The *pro se* prisoner plaintiff Eddie James Shorty (# 26507), in the custody of the

Mississippi Department of Corrections and housed at the Wilkinson County Correctional

Facility, filed a complaint under 42 U.S.C. § 1983 challenging the conditions of his confinement.

A plaintiff's claim must be dismissed if "it lacks an arguable basis in law or fact, such as when a

prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d

578 (5th Cir. 1998)(citations omitted). For the purposes of the Prison Litigation Reform Act, the

court notes that the plaintiff was incarcerated when he filed this lawsuit.[1]

"[A] court can dismiss a case prior to service on defendants for failure to state a claim,

predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to

exhaust." *Carbe v. Lappin*, 492 F.3d 325 (5th Cir. 2007). In this case the plaintiff acknowledges

that he has not completed the three-step administrative remedy program, stating on the fifth page

of his complaint that he has "initiated his third and final step" of the grievance process, but has

not completed it. This case will therefore be dismissed for failure to exhaust administrative

---

[1]28 U.S.C. § 1915(g).

remedies under 42 U.S.C. § 1997e(a).

This, the 1st day of October, 2010.

/s/ MICHAEL P. MILLS
CHIEF JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI